IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHEILA AIKENS                                                                                        PLAINTIFF

VS.                                                                       CIVIL ACTION NO.  2:06CV164KS-MTP

THE CIT GROUP/SALES FINANCING, INC.                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on defendant's motion to dismiss plaintiff's causes of action for wrongful repossession, fraud, negligent misrepresentation, concealment and abuse of process, for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that defendant's motion to dismiss should be granted in part and denied in part.  The court specifically finds as follows:

FACTUAL BACKGROUND

In 1996, plaintiff Sheila Aikens began renting a 1994 Chandeleuer mobile home (the "subject mobile home") from Maymon Baxter.  On or about October 2, 2002, plaintiff paid Baxter $18,000.000 for the purchase of the subject mobile home and received a Bill of Sale.  On or about May 28, 2003, plaintiff entered into a financial agreement with Citifinancial, Inc. ("Citifinancial") and, as security for the financial agreement, Citifinancial was granted a Deed of

1

Trust lien[1] for the subject mobile home.

In late 2003 and during 2004, defendant The CIT Group/Sales Financing, Inc. ("CIT") began calling plaintiff on the telephone and informing her that she owed a debt to them that was secured by the subject mobile home. On three separate occasions between August 1, 2004 and November 15, 2004, defendants John Does 1-10, whom plaintiff believes were acting in concert with CIT, approached the subject mobile home in order to repossess it. On at least one such occasion, one of these individuals informed plaintiff that she needed to remove herself, her children and her personal possessions from the subject mobile home, that they were going to secure the subject mobile home with padlocks and chains and that it was going to be towed away. On the first occasion, plaintiff became upset and asked these individuals to leave the property immediately. They refused until plaintiff kept insisting.

On or about November 15, 2004, CIT filed a replevin action against plaintiff in the Circuit Court of Marion County, Mississippi, seeking repossession of the subject mobile home. On or about January 5, 2005, the Circuit Court granted the requested relief to CIT, entering a Final Judgment for possession of the subject mobile home. On or about February 4, 2005, plaintiff filed a motion to set aside the judgment for possession and for other relief. On or about September 12, 2005, the court entered an Agreed Order dismissing CIT's action against plaintiff and finding that CIT had no perfected security interest in the subject mobile home.

On May 16, 2006, plaintiff filed the instant action in the Circuit Court of Marion County, Mississippi, against CIT and John Does 1-10, claiming damages for alleged injuries

---

[1]Subject mobile home had been permanently affixed to the real estate.

relating to the repossession of the mobile home. The action was removed to this court on June 22, 2006. In her Complaint, Aikens asserts causes of action against CIT for wrongful repossession, trespass, fraud, negligent misrepresentation, concealment, negligent infliction of emotional distress, general negligence, abuse of process and malicious prosecution. On June 29, 2006, CIT moved to dismiss plaintiff's causes of action for wrongful repossession, fraud, negligent misrepresentation, concealment and abuse of process.

## STANDARD OF REVIEW

The Fifth Circuit has stated that in order to survive a motion to dismiss for failure to state a cause of action, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[2] *Campbell v. San Antonio*, 43 F.3d 973, 974 (5th Cir. 1995) (citation omitted). In deciding a Rule 12(b)(6) motion, well-pleaded factual allegations in the complaint are accepted by the court as true. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir. 1995). But "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failing to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations.") (citation omitted).

In ruling on a motion to dismiss, the court may not go outside the pleadings, specifically

---

[2] The Court notes that this is a motion brought under 12(b)(6), which only tests the sufficiency of the pleadings. No consideration has been given to the merits of any of plaintiff's claims.

the complaint in this case. "The Rule 12(b)(6) motion...only tests whether the claim has been adequately stated in the complaint." 5A C. Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1356 at 298 (1990). As the Fifth Circuit has stated, "[w]e may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Colle v. Brazos Cty., Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and citations omitted); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## ANALYSIS

<u>Wrongful Repossession</u>

Under Mississippi law, there are two ways to accomplish a repossession: 1) self-help (physical) repossession; and/or 2) a judicial action for repossession, known as replevin. *See* Mississippi Code Annotated § 75-9-609.

CIT argues that plaintiff fails to state a cause of action because there was no actual repossession of the subject mobile home and that she remained in possession of it at all times. In her Complaint, plaintiff alleges that CIT first attempted the self-help method, and when that was unavailing it turned to the second method and commenced a replevin action in state court. CIT was granted its requested relief on January 5, 2005 when a Judgment for Possession was entered (although that judgment was later set aside). Thus, plaintiff's Complaint adequately pleads that repossession was accomplished through the judicial process and defendant's motion to dismiss this cause of action is denied.

<u>Fraud</u>

In order to state a cause of action for fraud under Mississippi law, plaintiff must show: a false and material misrepresentation by CIT; that CIT intended that she act on the representation in a matter reasonably contemplated; that she did not know the statement was false or was ignorant of the truth; that she had a right to rely on the statement and in fact relied on the statement as true; and that she suffered proximate injury as a result. *See Sumler v. East Ford, Inc.*, 915 So. 2d 1081, 1087-88 (Miss. Ct. App. 2005) (citation omitted).

Defendant argues that plaintiff did not rely on CIT's alleged misrepresentation but, rather, she "affirmatively and actively disputed" the alleged misrepresentation by hiring counsel and litigating the issue in the state court action. Defendant further argues that plaintiff was not ignorant of the truth of the alleged misrepresentation but rather, she knew that it was false which is why she fought the replevin action and did not relinquish possession of the subject mobile home. Plaintiff alleges that she relied on CIT's alleged misrepresentations in hiring an attorney to investigate its claims and litigating in the replevin action. This was reasonably contemplated by CIT's alleged misrepresentations to her. Plaintiff further alleges that she was ignorant of the truth of the alleged misrepresentation which is why she hired an attorney to investigate CIT's claims. The court finds that plaintiff has sufficiently pled a cause of action for fraud and therefore defendant's motion to dismiss this claim is denied.

Negligent Misrepresentation

In order to state a cause of action for negligent misrepresentation under Mississippi law, plaintiff must establish: a material or significant misrepresentation or omission of a fact by defendant; that defendant failed to exercise reasonable care; that plaintiff reasonably relied on the alleged misrepresentation or omission; and that plaintiff suffered damages proximately caused by

5

her reliance on the alleged misrepresentation or omission.  *Arnona v. Smith*, 749 So. 2d 63, 66-67 (Miss. 1999) (citation omitted).

Similar to its argument with respect to the fraud claim, CIT argues that plaintiff did not rely on its alleged misrepresentations, but rather, she openly disagreed with them and hired legal counsel to refute them rather than relinquishing possession of the subject mobile home.[3]  As discussed above, the court finds that plaintiff has adequately pled reliance (along with the other required elements of a fraudulent misrepresentation claim), and therefore defendant's motion to dismiss this cause of action is denied.

Concealment

Plaintiff alleges that CIT concealed the fact that it did not have a security interest in the subject mobile home and asserts a cause of action for "concealment."  In order to state a claim for concealment under Mississippi law, plaintiff must show an initial fraud and an affirmative subsequent act of concealment of the fraud.  *See*, *e.g.*, *Carter v. Citigroup, Inc.*, 938 So. 2d 809, 813 (Miss. 2006): *Bland v. Fleet Finance, Inc.*, 318 F.Supp. 2d 392, 394 (N.D. Miss. 2004).  As discussed above, plaintiff has sufficiently pled a fraud.  However, plaintiff has failed to allege

---

[3] In support of its argument, defendant cites to the Mississippi Supreme Court's decision in *Arnona v. Smith*, 749 So. 2d 63 (Miss. 1999).  In *Arnona*, sellers of a piece of property sued the buyers' attorney alleging that he had misrepresented that they did not have good title to the property.  The court found a lack of reliance because the sellers "did not agree with the [title] opinion and attempted to show [the attorney] that his opinion was inaccurate" by contacting the attorney and providing him with copies of quitclaim deeds.  *Id.* at 66.  *Arnona* is distinguishable from the case *sub judice*, however, because in *Arnona* the sellers did not *do* anything in reliance on the lawyers' alleged misrepresentations.  Although the sellers arguably suffered injury because the buyers did not purchase the property and other potential buyers were scared away, the sellers did not suffer any detriment in reliance on the alleged misrepresentations.  In this case, plaintiff hired an attorney to conduct an investigation of CIT's claims and actively litigated them.  Therefore, plaintiff incurred expenses and suffered other damages in reliance on CIT's alleged misrepresentations.

any affirmative subsequent acts of concealment of the fraud.  The acts of concealment alleged by the plaintiff alleges are the very same acts that constitute the fraud itself - *i.e.*, CIT's attempted self-help repossession and judicial repossession. The court therefore finds that plaintiff has not stated a claim for concealment and CIT's motion to dismiss this claim is granted.[4]

Abuse of Process

The required elements for a cause of action for abuse of process under Mississippi law are: 1) the party made an illegal use of process; 2) the party had an ulterior motive; and 3) resulting damage.  *Ayles v. Allen*, 907 So. 2d 300, 303 (Miss. 2005) (citation omitted).  The court finds that plaintiff has adequately alleged that: 1) CIT Group made an illegal use of process by filing its replevin action; 2) with the ulterior motive to unlawfully repossess the subject mobile home; and 3) that plaintiff suffered resulting damages.  Accordingly, defendant's motion to dismiss this cause of action is denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion to dismiss [# 4] is granted in part and denied in part.  Plaintiff's cause of action for concealment is dismissed with prejudice.

SO ORDERED and ADJUDGED on this, the 9th day of January, 2007.

---

[4] The court further notes that although this argument is not raised by defendant, it is not clear that "concealment" is a recognized, separate cause of action under Mississippi law, as opposed to an argument (usually made in response to a statute of limitations defense) that the statute of limitations for a particular cause of action should be tolled based on fraudulent concealment of the cause of action.  *See* Mississippi Code Annotated § 15-1-67 ("If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.); *see also Coleman v. Conseco, Inc.*, 238 F.Supp. 2d 804, 813 (S.D. Miss. 2002) (declining to find whether "fraudulent concealment" is recognized cause of action under Mississippi law).

                                                 *s/Keith Starrett*
                                                 UNITED STATES DISTRICT JUDGE